UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
LUDLOW SCOTT and BARBARA MASON,                   :
                                                  :
            Plaintiffs,                           :
                                                  :
   - against -                                  :    **OPINION AND ORDER**
                                                  :    12-CV-00183 (ER)
CAPITAL ONE, NATIONAL ASSOCIATES, and             :
JADE PENSION PLAN AND ACQUA CAPITAL, LLC,         :
                                                  :
            Defendants.                           :
-----------------------------------------------------------------------x

Ramos, D.J.:

      Plaintiffs Ludlow Scott and Barbara Mason ("Plaintiffs") commenced this action against Defendants Capital One, National Associates ("Capital One" or "Defendant") and Jade Pension Plan and Acqua Capital, LLC ("Jade")[1] stating claims arising from a foreclosure action in Supreme Court, Westchester County (the "state foreclosure action").  Doc. 1.  Before the Court is Defendant Capital One's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. 12.  For the reasons set forth below, Defendant's motion is GRANTED.

**I.   Factual Background**

      The Court accepts the factual allegations in the Complaint as true for purposes of Defendant's motion to dismiss.

      In 2005, Plaintiffs purchased property located at 372 North Avenue, New Rochelle, New York (the "Property") for $200,000.  Compl. ¶ 11.  To finance the purchase of the Property, Plaintiffs obtained a mortgage from Greenpoint Bank.  *Id.* ¶ 12.  Pursuant to a merger, Capital One subsequently became the holder of the note and mortgage.  *Id.* ¶ 13.  Defendant did not give

---

[1] Plaintiffs filed a stipulation voluntarily dismissing Jade as a Defendant in this action on April 16, 2013.  Doc. 22.

any notice of the merger and/or assignment to Plaintiffs, who continued to pay money to Greenpoint by depositing money at a branch or by mailing in the funds. *Id.* ¶¶ 14-15. In 2009, Capital One contacted Plaintiffs to inform them that no money had been received for a few months. *Id.* ¶ 16. Plaintiffs attempted to resolve the issue with Capital One over the next few weeks, and ultimately prepared a lump sum to pay to Capital One by depositing it at a local branch. *Id.* ¶¶ 17-18. The local branch would not accept the funds, however, and Capital One Customer Service did not provide Plaintiffs with any help when Plaintiffs called for assistance. *Id.* ¶¶ 19-20.

After approximately one year of attempting to resolve the issue, Capital One verbally informed Plaintiffs that the mortgage was in the process of foreclosure. *Id.* ¶ 21. A judgment of foreclosure and sale was entered in the state foreclosure action on August 17, 2010. *See* Declaration of Ryan L. DiClemente ("DiClemente Decl.") Ex. A at 2.[2] A foreclosure auction was held on January 11, 2011 and the Property was subsequently transferred by referee's deed to the successful auction bidder, Jade. *Id.* Plaintiffs allege that they were never served with a Notice of Intent to Foreclose, the Foreclosure Sale or the Referee's Deed. Compl. ¶¶ 22-23. On May 9, 2011, Plaintiffs brought a *pro se* motion by Order to Show Cause in the state foreclosure action seeking an Order vacating the judgment of foreclosure and voiding the foreclosure sale and referee's deed. DiClemente Decl. Ex. A at 2-3. That motion was denied in July 2011 due to "procedural/jurisdictional errors." *Id.* at 3 n.2. Plaintiffs subsequently renewed their motion to

---

[2] It is well-settled that in deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court may consider, along with the complaint, documents that are incorporated into the complaint by reference, as well as "documents submitted by the parties which are matters of public record or which are deemed included in the Complaint." *Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 158 n.4 (E.D.N.Y. 2010), *aff'd*, 443 F. App'x 582 (2d Cir. 2011). Here, the Decision and Order of the court in the state foreclosure action is both incorporated into the complaint by reference, *see* Compl. ¶ 24, and a matter of public record. Accordingly, the Court may consider it on Defendant's motion to dismiss.

vacate with the assistance of counsel, which was also denied by the state court on October 20, 2011. *Id.* at 2-3.

Plaintiffs' first cause of action seeks the dismissal of the state foreclosure action, on the grounds that Capital One lacked standing to foreclose on the mortgage and that the Court lacked *in personam* jurisdiction as a result of Capital One's failure to produce "an original deed to Title or Mortgage or Assignment or Merger." Compl. ¶¶ 25-29. Plaintiffs' second cause of action requests that the amounts owed to cure the default be reduced because of Capital One's alleged efforts in delaying Plaintiffs' attempts to cure the default, and because Capital One did not fulfill its prerequisite requirements of sending a Notice of Intent to Foreclose and an acceleration letter. *Id.* ¶¶ 30-34. Finally, Plaintiffs request that this Court grant a stay in the state foreclosure action because Plaintiffs allege that they and their tenants are about to be wrongfully evicted from the Property. *Id.* ¶¶ 35-37. In their Prayer for Relief, Plaintiffs request that the Court: (i) declare the entire state foreclosure action null and void; (ii) award damages to Plaintiffs "for suffering through foreclosure litigation, [and] losing title to their home"; (iii) grant attorneys' fees; (iv) grant a temporary injunction "stopping all efforts to remove Plaintiffs" from the Property; (v) declare that all rental income collected by Jade be put in escrow pending final determination of this matter; and (vi) grant a permanent injunction declaring title and ownership back to Plaintiffs and preventing Defendant from evicting Plaintiffs from the Property.

## II. Legal Standard

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *Famous Horse Inc. v. 5th Ave. Photo Inc.,* 624 F.3d 106, 108 (2d Cir. 2010). However, this requirement does not apply to legal conclusions, bare assertions or

conclusory allegations.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 681 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In order to satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Accordingly, a plaintiff is required to support its claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

### III.   Plaintiffs' Action is Barred by the *Rooker-Feldman* Doctrine

Although Plaintiffs generally allege in the "Nature of Action" section of the Complaint that issues of law in the case include the "Truth in Lending Act [TILA], Homeownership and Equity Protection Act [HOEPA], Real Estate Settlement Procedures Act [RESPA], Fair Housing Act [FHA], and Consumer Fraud Act [CFA]," Compl. ¶ 6, Plaintiffs have failed to include a single allegation to support any of the referenced federal statutes.  Rather, Plaintiffs' action is merely an impermissible collateral attack of a state court judgment of foreclosure, and is therefore clearly barred under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine stands for the principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state court judgments.  *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).  It precludes cases brought in lower federal courts "by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Second Circuit has articulated four requirements for the application of the *Rooker-Feldman* doctrine:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—i.e., *Rooker–Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock*, 422 F.3d at 85 (brackets, quotation marks and citations omitted). The first and fourth requirements are procedural, while the second and third are substantive. *Id.*

### a. Procedural Requirements

Here, the two procedural requirements of the four-pronged analysis are clearly met. First, as Plaintiffs themselves admit, their efforts to vacate the foreclosure judgment in the state action were twice "denied on procedural issues" by the state court. Compl. ¶ 24. Second, Plaintiffs commenced the instant action on January 10, 2012, over a year after the judgment of foreclosure was entered and nearly three months after their second motion to vacate the judgment was denied. Accordingly, the judgment of foreclosure and the denial of Plaintiffs' two motions to vacate the judgment were clearly rendered prior to the commencement of this action.

### b. Substantive Requirements

The two substantive requirements that must be satisfied for the *Rooker-Feldman* doctrine to apply are: (1) the plaintiff must complain of injuries caused by the state-court judgment, and (2) the plaintiff must invite district court review and rejection of that judgment. The Second

Circuit has summarized these two requirements as follows: "federal plaintiffs are not subject to the *Rooker-Feldman* bar unless they *complain of an injury* caused by a state judgment." *McKitchen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) (quoting *Hoblock*, 422 F.3d at 87) (emphasis in original). Accordingly, the doctrine does not bar plaintiffs from raising federal claims based on the same facts as a prior state case, although such claims might be barred under *res judicata*, so long as the plaintiff complains of an injury *independent of* an adverse state court decision; rather, the doctrine only precludes claims brought in federal court where the state decision is *itself* the source of the injury complained of. *Mareno v. Dime Sav. Bank of NY*, 421 F. Supp. 2d 722, 726 (S.D.N.Y. 2006).

Here, Plaintiffs seek to invalidate the state court judgment of foreclosure and seek an order declaring title and ownership of the Property back to Plaintiffs and preventing Defendants from evicting them, claiming that they were not properly served with the requisite foreclosure notices, and that Capital One lacked standing to commence the foreclosure action because it failed to show proof of its ownership of the underlying note. Plaintiffs clearly complain of an injury *caused by* the judgment of foreclosure and ask this Court to engage in an impermissible review of the state foreclosure action.[3] Courts in this Circuit have consistently held that such an

---

[3] The cases cited by Plaintiffs do not compel a different outcome. In *Dye v. Ameriquest Mortg. Co.*, 289 F. App'x 941 (7th Cir. 2008) (unpublished), the Seventh Circuit held that the *Rooker-Feldman* doctrine did not bar the plaintiffs' claims under TILA arising from the Defendants' submission of confusing disclosures and use of a low appraisal prior to the closing of the mortgage. Accordingly, the plaintiffs did not simply claim that they were injured by the state foreclosure judgment, but that the defendants injured them six months earlier at the time of the closing of their mortgage, and that the alleged injury under TILA was complete before the state court litigation commenced. *Id.* at 943-44. Here, however, although Plaintiffs mention that TILA is an "issue[] of law in this case," they include no specific factual allegations to support a TILA claim or a claim under *any* of the federal statutes mentioned in passing in the Complaint. Moreover, the *Dye* court went on to hold that the plaintiffs' claims were barred under the doctrine of claim preclusion because the TILA claim arose from the same commercial event—the home loan—that was the basis of the foreclosure action, and therefore could have been brought in the underlying foreclosure action. *Id* at 944. Accordingly, *Dye* actually supports Defendant's argument in support of dismissal of this action. *In re Madera*, 586 F.3d 228 (3d Cir. 2009), also supports Defendant's position, as the Third Circuit held

attack on a state court judgment of foreclosure is precluded by the *Rooker-Feldman* doctrine. *See Feinstein v. The Chase Manhattan Bank*, No. 06 Civ. 1512 (JFB) (ARL), 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) (citing cases); *see also Hinds v. Option One Mortg. Corp.*, No. 11 Civ. 06149 (NGG) (RER), 2012 WL 6827477, at *3 (E.D.N.Y. Dec. 6, 2012) (Report & Recommendation), *adopted by* 2013 WL 132719 (E.D.N.Y. Jan. 10, 2013); *Mareno*, 421 F. Supp. 2d at 726-27.

The *Hinds* case is particularly instructive. There, the plaintiff sought to invalidate a judgment of foreclosure rendered by a state court on the bases that he was not properly served with process and that the plaintiff in the state foreclosure action lacked standing. *Hinds*, 2012 WL 6827477 at *3. Additionally, the *Hinds* plaintiff sought relief similar to that requested by Plaintiffs here; specifically, the plaintiff asked that the district court "vacat[e] the sale, reversing the judgment" and grant various forms of injunctive relief, including "preventing defendants from taking the real property." *Id.* The *Hinds* court ultimately found that the plaintiff complained of an injury *caused by* the judgment of foreclosure, and that the action was therefore barred by the *Rooker-Feldman* doctrine. *Id.* Similarly, here, although Plaintiffs attempt to invoke the Court's jurisdiction[4] by alleging that "issues of law in this case include" the TILA,

---

there that the plaintiff's claim for rescission of the loan was barred by the *Rooker-Feldman* doctrine because granting rescission would amount to finding that no valid mortgage existed, which would negate the foreclosure judgment. *Id.* at 232. Similarly, here, Plaintiffs specifically request that this court disrupt the state court judgment by declaring the foreclosure action null and void.

[4] Although Plaintiffs state in their opposition papers that "[j]urisdiction is retained with this Court by diversity jurisdiction," the fact that the Court might otherwise have diversity jurisdiction over the action does not defeat the preclusive effect of the *Rooker-Feldman* doctrine. Although the Second Circuit does not appear to have directly addressed this issue, other federal courts, including courts within this District, have held that *Rooker-Feldman* bars suits even where diversity jurisdiction otherwise exists. *See Ford v. Dep't of Soc. Servs.*, No. 10 Civ. 3800 (RWS), 2011 WL 1458138, at *5 (S.D.N.Y. Mar. 22, 2011) (citing cases); *see also Ballyhighlands, Ltd. v. Bruns*, No. 98-9373, 1999 WL 377098, at *2 (2d Cir. May 28, 1999) (rejecting argument that *Rooker-Feldman* does not apply because the suit was a diversity action) (unpublished); *Papeskov v. Nitis*, No. 12 Civ. 1740 (ARR), 2012 WL

HOEPA, RESPA, FHA and CFA,[5] Compl. ¶ 6, Plaintiffs fail to include a single allegation supporting their claims under any of these federal statutes. Rather, their action is nothing more than an improper collateral attack on the state judgment of foreclosure.[6] Accordingly, the *Rooker-Feldman* doctrine clearly precludes this Court's review and reversal of the state court judgment.[7]

---

1530731, at *3 (E.D.N.Y. Apr. 27, 2012) (holding that "the court need not finally determine whether plaintiff has established diversity jurisdiction in this instance, as plaintiff's claims are barred by the *Rooker–Feldman* doctrine").

[5] In their opposition papers, Plaintiffs seek leave to amend the Complaint. *See* Declaration of David M. Schlachter ("Schlachter Decl.") ¶ 3. Although it is not entirely clear how Plaintiffs intend to amend the Complaint, the Court assumes that Plaintiffs seek to add a claim pursuant to 42 U.S.C. § 1983, as Plaintiffs argue that "[t]he main federal statute that [they] rel[y] on to *now* sue Defendant in Federal Court" is § 1983, which was not pled in the original Complaint. Pls.' Mem. L. 2 (emphasis added). Plaintiffs previously requested leave to amend the Complaint to add a § 1983 in a letter application, dated April 19, 2012, which the Court denied. *See* May 31, 2012 Mem. to the Docket Clerk. It is well-settled that to state a § 1983 claim against a private entity, such as Capital One, there must be "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). In renewing their request for leave to amend, Plaintiffs fail to allege that Defendant's allegedly unconstitutional conduct is "fairly attributable" to the state. Accordingly, Plaintiffs' request for leave to amend to add a § 1983 claim is denied.

[6] Plaintiffs contend that the two motions to vacate the judgment of foreclosure related only to the foreclosure, and that the issue of the foreclosure *sale* "was never reached and thus not barred by *res judicata* or [*Rooker*]-*Feldman*." Schlachter Decl. ¶ 15; *see also* Pls.' Mem. L. 1-2. Although Plaintiffs suggest that they "could not counterclaim" during the foreclosure action until the action concluded and that the claims they bring in this action are "new claims that could not have been brought in the State Court action," Pls.' Mem. L. 2, their contention is clearly contradicted by the Decision and Order of the Honorable Mary H. Smith of the New York Supreme Court denying Plaintiffs' renewed motion to set aside the judgment. In that motion, Plaintiffs specifically requested that the judgment of foreclosure be vacated and that the sale and referee's deed be voided, which the state court denied. DiClemente Decl. Ex. A at 2. Plaintiffs' assertion that they could not have brought claims related to the foreclosure sale is therefore belied by the record of the state court action. Moreover, the claims raised in this action—that Plaintiffs were never properly served and that Capital One failed to demonstrate their ownership of the underlying note—were clearly raised and rejected by the state court. *Id.* at 3.

[7] Plaintiffs' purported federal claims fail for the additional reasons that Plaintiffs have failed to satisfy the minimum pleading requirements necessary to sustain them and because they are barred by the doctrine of *res judicata*. Although Plaintiffs reference the TILA, HOEPA, RESPA, FHA and CFA in the Complaint, they fail to include a single factual allegation to support them. Instead, the Complaint focuses solely on deficiencies in the state foreclosure action; indeed, the relief requested relates exclusively to the state court judgment of foreclosure and sale. Accordingly, Plaintiffs have failed to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. Moreover, Plaintiffs' claims that Capital One did not provide the requisite foreclosure notices and lacked standing to bring the underlying action not only were, but clearly could have been raised by Plaintiffs in the state foreclosure action. *See* Diclemente Decl. Ex. A at 3. Accordingly, Plaintiffs' claims are barred by the doctrine of *res judicata*, which precludes parties "from relitigating issues that were or could have been raised" in a previous action. *See Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008).

## IV.    Conclusion

For the reasons set forth above, Defendant's motion to dismiss the Complaint for failure to state a claim is GRANTED. The Clerk of the Court is respectfully directed to terminate the motions and close this case. Doc. 12.

It is SO ORDERED.

Dated:   April 16, 2013
         White Plains, New York

                                                          _____
                                                          Edgardo Ramos, U.S.D.J.